JAP:DMP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

TYRELLE GIBSON,

        Defendant.

- - - - - - - - - - - - - - - - -X

M 11-1266

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
FOR ARREST WARRANT

(T. 18, U.S.C.
§§ 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

    RAY MARTINEZ, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), Gun Enhancement Unit, duly appointed according to law and acting as such.

    Upon information and belief, on or about December 18, 2011, within the Eastern District of New York, the defendant TYRELLE GIBSON, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a TEC-DC9 9 millimeter semi-automatic pistol.

    (Title 18, United States Code, Section 922(g)(1)).

1

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Detective with the NYPD Gun Enhancement Unit since 2005. My information in this case comes from reviews of records of the NYPD, conversations with NYPD officers, and other official records of government agencies.

2. On or about December 18, 2011, shortly before 5 p.m., NYPD Police Officers Juan Cabrera, Rafael Figueroa, and Daniel Berardi (collectively referred to herein as "the NYPD Officers") were driving a marked police van on Dumont Avenue in Brooklyn, New York. A Cadillac Escalade was driving the opposite way on Dumont Avenue. When the NYPD Officers and the Cadillac Escalade passed each other on Dumont Avenue, the NYPD Officers noticed that the Escalade did not have any license plate or front bumper on the car. In addition, Officer Cabrera smelled what he believed to be marijuana coming from the Escalade.

3. The NYPD Officers made a U-turn on Dumont Avenue to pull over the Escalade. While the NYPD Officers were turning their vehicle, the Escalade turned from Dumont Avenue onto Bristol Street. The NYPD Officers pulled up alongside the Escalade on Bristol Street. Officers Cabrera and Berardi, who

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the facts and circumstances of which I am aware.

2

were in uniform, got out of the van. The defendant TYRELLE GIBSON was standing outside the car, near the front passenger seat, with the front passenger door open. Four other individuals were inside the car. Officer Cabrera approached GIBSON. Officer Cabrera observed that GIBSON was wearing a gray hooded sweatshirt under a blue and white jacket that was open in the front, and had a black object that appeared to be a gun in his waist. While Officer Cabrera was approaching GIBSON, GIBSON took off running.

4. Officer Cabrera, on foot, and Officer Figueroa, in the vehicle, chased after defendant TYRELLE GIBSON. GIBSON jumped over a short chain fence and tried to scale a wall. Officer Cabrera caught up with GIBSON at the wall and pulled him down while GIBSON was trying to climb over the wall. Officer Cabrera, assisted by Officer Figueroa, who had exited the vehicle, and Officer Neryan, who had been patrolling in the area, secured GIBSON and removed the black object, which was a TEC-DC9 9 millimeter semi-automatic pistol, from his waist. The pistol was loaded with one round in the chamber and sixteen rounds in the magazine.

5. After receiving his Miranda warnings, defendant TYRELLE GIBSON stated that he did not wish to speak to officers. While he was being escorted back to his cell, he asked whether it would help him to speak with the officers. Officer Cabrera told

3

him that anything he said would be shared with the prosecutors. GIBSON then said that he would speak to with officers. He was again given his Miranda rights, which he waived in writing. GIBSON stated, in sum and substance and in part, that the gun was his and that no one else who was in the car knew anything about it. He made a similar written statement.

6. In a subsequent interview with Detective Joseph Collura of the NYPD Gun Enhancement Unit, defendant TYRELLE GIBSON said that he had been asked to retrieve the gun from one apartment and bring it to another and that he was to be paid $20 for transporting the gun.

7. Defendant TYRELLE GIBSON is currently being held in state custody. I have reviewed criminal history records for GIBSON, which reveal that he was convicted in Kings County Supreme Court on October 26, 2009 of Robbery in the Third Degree, a Class D Felony, and sentenced to 9 months in prison.

8. I haven consulted with an Alcohol, Tobacco, Firearms and Explosives interstate nexus expert, who informs me that the above-mentioned TEC-DC9 9 millimeter semi-automatic pistol was manufactured outside the State of New York.

4

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant TYRELLE GIBSON so that he may be dealt with according to law.

RAY MARTINEZ
Detective, NYPD

Sworn to before me this
23rd day of December, 2011